ELLIS, Judge.
The appeal in this case is from judgment of the District Court which dismissed plaintiff’s suit on an exception of no right or cause of action and an exception of vagueness.
A brief history of the present suit is pertinent here. On August 10, 1955 Mrs. Bonnie McKnight Jones and her husband, William B. Jones, filed a petition seeking to be appointed administrator of the estate of the deceased father and mother of Mrs. Bonnie McKnight Jones, Mrs. Bernice Al-britton and Louis M. McKnight. The allegations were in the alternative; William B. Jones asking to be appointed administrator as a creditor of the estate and in the alternative, Mrs. Bonnie McKnight Jones as a child. Various objections and oppositions to the appointment of an administrator and an administration of the estate were filed-by surviving issue namely, Rufus N. McKnight, Louis C. McKnight, Bernice McKnight Irving, Thomas Edwin McKnight and Elizabeth McKnight Henry.
Upon a trial of the petition for administration and oppositions filed thereto on No *574 vember 21, 19SS, the following stipulation was entered into:
Stipulation
“Mr. Louis C. McKnight, Mr. Rufus N. McKnight and Mrs. Bernice McKnight Irving, being present in Court, and themselves and through counsel hereby judicially declare and stipulate that they will personally submit to a suit being brought against them by Mr. William B. Jones and his wife for the claim which Mr. and Mrs. Jones are now asserting against the estate of the late Mrs. Bernice Albritton McKnight, and hereby waive all questions of jurisdiction, which denying that there is any liability due by the estate of Mrs. Bernice Albritton McKnight to Mr. and Mrs. Jones.
“Said parties further stipulate that if they are cast in said suit, they will be liable in solido for the amount of any judgment rendered against them.
“Said parties make this declaration and stipulation for the purpose of avoiding any administration of the succession of Mrs. Bernice Albritton McKnight.
“Cost of these proceedings to date, as well as the cost in any suit instituted by Mr. and Mrs. Jones, will follow the judgment rendered in said suit.
“It is further agreed and stipulated that this stipulation is binding on the heirs, administrators and executors of Louis C. McKnight, Rufus N. McKnight and Mrs. Bernice McKnight Irving.”
This stipulation was approved by the District Judge.
On November 16, 1955, William B. Jones filed a petition asking that a temporary administrator be appointed in the aforesaid succession and on the same date the Court appointed Mrs. Bonnie McKnight Jones as temporary administrator.
On November 17, 1955 William B. Jones filed suit against Mrs. Bonnie McKnight Jones as the duly appointed and qualified Temporary Administratrix of the Succession of Mrs. Bernice Albritton, deceased widow of Louis M. McKnight and in the alternative against Louis C. McKnight, Rufus McKnight, Mrs. Bernice McKnight Irving, Mrs. Cornelia McKnight Easterly, Mrs. Virginia McKnight Dyson, Thomas Edwin McKnight, Jr. and Elizabeth McKnight for their virile share of his alleged claim of $2,335.86 as monies loaned to the deceased, Mrs. Bernice Albritton McKnight.
On November 21, 1955 Mrs. Bernice McKnight Irving filed a petition for a temporary restraining order and for a preliminary and permanent injunction against Mrs. Bonnie McKnight Jones restraining her from any acts as Temporary Administratrix of the estate.
On February 20, 1956, William B. Jones, in a proceeding captioned Succession of Bernice Albritton, widow of Louis M. McKnight, filed suit against Louis C. McKnight, Rufus N. McKnight, and Mrs. Bernice McKnight Irving for the sum of $2,335.86 as monies loaned to the deceased and stipulated by the defendants that they would assume all debts of the Succession in solido.
An opposition was filed to the last mentioned proceeding by Louis C. and Rufus N. McKnight, and on March 5, 1956, exceptions of vagueness, no right and cause of action, and prescription of three years were filed.
Upon a trial of the exceptions on June 18, 1956, the District Judge sustained the exception of vagueness and of no right and cause of action and dismissed plaintiff’s suit at his cost. From this judgment, plaintiff prosecutes this appeal; first to the Supreme Court and on July 1, 1960, transferred to this court pursuant to the revised appellate jurisdiction.
From the record, it appears that Louis M. McKnight died in East Feliciana Parish on October 2, 1920. Sometime after his death, *575 Mrs. Bernice Albritton moved to New Orleans to live with her daughter, Mrs. Bonnie McKnight Jones and her son-in-law and plaintiff herein, William B. Jones. In plaintiff’s petition he alleges that he advanced and loaned a total sum of $10,761.80 for the maintenance and care of the decedent, all of which was repaid except the sum of $2,335.-86. Further he annexed to his petition a statement labelled “Account of W. B. Jones with Succession of Mrs. McKnight, October 1947 through December, 1954.” Then appellant prepared a list of various figures under a date column, debits column, credits column, balance debited column, and balance credited column. No items were listed to explain what the various entries represented with the exception of a debit entry-on December 31, 1954 of $10 for Social Security for nurse.
Counsel for defendant appellees contend that the exception of no right or cause of action was properly sustained for any amount claimed would be for services rendered by plaintiff as a son-in-law of decedent; that such would be presumed to be gratuitous; and that no recovery could be had. In support of this contention, counsel for defendant relies upon LSA-C.C. Article 2133, which provides “That can not be reclaimed that has been voluntarily given in discharge of a natural obligation.”
Counsel „ for plaintiff-appellant contends that the balance due on the advances made by him is in fact a debt for expenses of last illness of the deceased, and that he has a lien and privilege for reimbursement against all the property of the deceased under LSA-C.C. Articles 3191 and 3252.
An examination of the jurisprudence reveals that claims for services rendered by children to their deceased parents are presumed to be gratuitous unless rendered pursuant to a contract, either express or implied. Succession of Daste, 1910, 125 La. 657, 51 So. 677, 29 L.R.A.,N.S., 297; Succession of Guidry, 1888, 40 La.Ann. 671, 4 So. 893. However, we feel there is a vast difference between a situation where a claim is made for services rendered and the present situation where plaintiff alleges in his petition that he advanced money; that most of the money advanced was repaid by decedent during her life; and that decedent recognized the claim as a just and honest obligation.
We are of the opinion that a son-in-law does not occupy the status of a child of the deceased nor of a foster or adopted daughter and that the cases cited are not applicable. The sums allegedly advanced are not to be considered as a gratuity. The allegations of the petition, which must be taken as true in considering the exception of no cause of action, are sufficient to set forth a contract, either express or implied.
Therefore, it is our opinion that the petition does allege a cause and right of action against defendant-appellees and that plaintiff should be given an opportunity to have a trial on the merits. However, we do feel that the trial judge was correct in sustaining defendants’ exception of vagueness. Plaintiff-appellant has failed to clarify his demands in his pleadings and supporting account and should be allowed to amend his petition to specify the items which explain the various debits, credits, etc. claimed in the account.
Counsel for defendants-appellees further contends that the petition of plaintiff is vague, indefinite and misleading because it is filed in a succession proceeding. With this we cannot agree. Regardless of the stipulation by the defendant-appellees that they would be responsible for any debts of the Succession, ultimate liability for a claim against the decedent would fall upon decedent’s estate.
Therefore, for the reasons assigned it is ordered, adjudged and decreed that the judgment of the District Court sustaining the exception of no cause of action be and the same is hereby reversed.
It is further ordered, adjudged and decreed that the judgment of the District Court sustaining the exception of vague *576 ness is hereby affirmed, and that this case be remanded to the District Court to be further proceeded with according to law; the right being granted to the plaintiff to amend his pleadings and make his demand more specific under the cause of action declared upon. Question of costs reserved until final action in the case.
Reversed and remanded.